UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON HARDIN, | No. 2:17-cv-1340 AC P |
| Plaintiff, | |
| v. | ORDER and |
| D. BAUGHMAN, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

I.     Introduction

    Plaintiff is a state prisoner at California State Prison Sacramento (CSP-SAC), who proceeds pro se with an amended civil rights complaint filed pursuant to 42 U.S.C. § 1983, and request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff challenges the conduct of two correctional officers at CSP-SAC during plaintiff's previous incarceration there.

    Plaintiff has consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a). See ECF No. 7. For the reasons that follow, the court grants plaintiff's motion to proceed in forma pauperis, and authorizes this action to proceed on plaintiff's Second Amended Complaint against defendant Correctional Officers B. Dennis and R. Sparks on plaintiff's Eighth Amendment claims alleging excessive force and failure to protect, respectively.

////

II.     In Forma Pauperis Application

Plaintiff has submitted an affidavit and prison trust account statement that make the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff's request to proceed in forma pauperis, ECF No. 2, will be granted.

Plaintiff must nevertheless pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

III.    Screening of Plaintiff's Second Amended Complaint

Prior to the court's review of plaintiff's identical original and amended complaints, see ECF Nos. 1 & 8, plaintiff filed a Second Amended Complaint, together with a motion to amend. The court grants plaintiff's motion and screens plaintiff's Second Amended Complaint (SAC).

The court initially notes that the SAC names only two defendants and makes clear that plaintiff no longer makes any claims against other defendants identified in his prior complaints. For this reason, this court will recommend the dismissal of previously named defendants Baughman and Gonzales.

A.      Legal Standards for Screening Prisoner Civil Rights Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v.

2

Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly at 555). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" Iqbal at 678 (quoting Twombly at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly at 557).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

B. Allegations of the Second Amended Complaint

Plaintiff avers he is a member of the "Coleman class" of state prisoners with serious mental disorders, see Coleman v. Wilson, 912 F. Supp. 1282 (E.D. Cal. 1995), and at the time of the challenged incident was a participant in CDCR's Correctional Clinical Case Management System (CCCMS). See ECF No. 11 at 6.

The SAC alleges that on December 28, 2016, in the CSP-SAC Administrative Segregation Unit (ASU), Correctional Officers (COs) B. Dennis and R. Sparks escorted plaintiff to the entrance of a small holding cell without windows or ventilation. CO Dennis removed a can of

pepper spray from his holster and sprayed it liberally onto the floor of the holding cell, making the floor orange. CO Sparks stood back a safe distance to avoid the fumes. Covering his own nose and mouth, Dennis ordered plaintiff to strip and enter the cell. Plaintiff protested that he was asthmatic. Moreover, plaintiff avers that he has only one lung, "a preexisting bodily deficiency that compounded the gravity of defendants' actions." ECF No. 11 at 3. Dennis moved plaintiff into the cell, a "makeshift gas chamber," and closed the door. Id. at 4-5.

Plaintiff shouted at the COs through the glass in the door that he was asthmatic and couldn't breathe. Sparks "leaned against the wall opposite the cell laughing hard." Id. at 4. Dennis told plaintiff to "take short breaths" and walked away with Sparks, both laughing. Id. at 5.

Plaintiff stripped off his clothes, thinking that if he followed Dennis' prior order he would be let out of the cell. Plaintiff was sweating and gagging and banging on the door when he "became lite-headed and collapsed onto the floor where he laid in the toxic orange colored spray, his body on fire as the burn of the agent . . . went to work on his nerve system[.]" Id.

Plaintiff regained consciousness when the cell door opened and he was "drug" out and given a jumper to put on. Id. at 6. Plaintiff couldn't see who was assisting him. He had mucus running down his face. He was placed in a clean cell without being decontaminated where he struggled to put on the jumper. Within minutes plaintiff had an asthma attack. RN Luka provided plaintiff with an inhaler; plaintiff used "six rounds "before the attack subsided." Id. at 7. Plaintiff continued to feel the burning effects of the pepper spray for several weeks, on his skin, in his eyes, and in his parched breathing.

Plaintiff alleges that CO Dennis' actions were intentional, malicious and sadistic, in violation of the Eighth Amendment's prohibition against the use of excessive force. Plaintiff further alleges that CO Sparks violated the Eighth Amendment by failing to protect plaintiff from Dennis' malicious conduct. The SAC includes a copy of the administrative Third Level Review of plaintiff's relevant inmate appeal, which concluded in pertinent part that staff "did violate policy as alleged." Id. at 13. Although Sparks' challenged conduct is not directly addressed in the available exhibits, Sparks, Luka and Dennis were each interviewed as part of the inmate

4

appeal process. See id. at 19. The administrative interview of Sparks indicates that he likely witnessed Dennis' conduct, an inference consistent with the allegations of the SAC. Plaintiff seeks compensatory and punitive damages.

### C. Analysis

The Eighth Amendment protects prisoners from "cruel and unusual punishments." U.S. Const. Amend. VIII. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain ...." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). The use of pepper spray on a compliant prisoner states a cognizable claim of excessive force in violation of the Eighth Amendment. See e.g., Dicey v. Harrison, 2010 WL 2035535 (E.D. Cal. 2010), report and recommendation adopted, 2010 WL 2555242 (E.D. Cal. 2010) (denying motion to dismiss excessive force claim). "[T]he core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992) (citing Whitley v. Albers, 475 U.S. 312, 320-21 (1986)). When determining whether force was excessive, the court must look to the "extent of the injury ..., the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Hudson, 503 U.S. at 7 (quoting Whitley, 475 U.S. at 321). Significant injury need not be evident in the context of an excessive force claim, because "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." Hudson, at 9 (citing Whitley, at 327).

In the instant case, the allegations of the SAC clearly state a cognizable Eighth Amendment claim against defendant Dennis based on his alleged use of excessive force when, for no apparent reason, he placed plaintiff in a holding cell he had filled with pepper spray, then walked away laughing at plaintiff's protestations. Cf. Clement v. Gomez, 298 F.3d 898, 903-04 (9th Cir. 2002) (exigent circumstances may warrant limited use of pepper spray).

The allegations of the SAC also support an Eighth Amendment failure to protect claim against defendant Sparks. Because "only the unnecessary and wanton infliction of pain

implicates the Eighth Amendment," the evidence must show that defendant acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 297 (1991) (internal quotation marks, emphasis and citations omitted). In a failure to protect case, as well as in an excessive force case, the requisite state of mind is "'deliberate indifference' to inmate health and safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson, 501 U.S. at 302-03). That is, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer at 837. Plaintiff's allegations support an inference of deliberate indifference on the part of defendant Sparks.

IV. Summary for Pro Se Plaintiff

The court has granted you in forma pauperis status. The filing fee for this action will be paid by monthly withdrawals of small amounts from your prison trust account.

The court finds that your Second Amended Complaint (SAC) states the following cognizable Eighth Amendment claims: (1) excessive force against defendant Dennis, and (2) failure to protect against defendant Sparks. The court will direct you to provide the information necessary for the United States Marshal to serve process on these defendants.

Your SAC makes clear that you are no longer pursuing claims against supervisory defendants Baughman and Gonzales, who were named in your prior complaints. For this reason, this court will recommend to the district judge that defendants Baughman and Gonzales be dismissed from this action without prejudice.

V. Conclusion

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis, ECF No. 2, is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the

Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's motion to proceed on his Second Amended Complaint, ECF No. 10, is granted; this action shall proceed on the Second Amended Complaint (SAC), ECF No. 11.

4. Service of process is appropriate for defendants Dennis and Sparks.

5. The Clerk of Court is directed to send plaintiff two USM-285 forms, one summons, an instruction sheet, and one copy of the endorsed SAC.

6. Within thirty (30) days after service of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. Two completed USM-285 forms, one for each defendant; and

    d. Three copies of the endorsed FAC (the Marshal will retain one copy).

7. Plaintiff shall not attempt service on any defendant or request a waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

8. Failure of plaintiff to timely comply with this order will result in the dismissal of this action without prejudice.

9. The Clerk of Court shall randomly assign a district judge to this action.

Additionally, for the reasons set forth above, IT IS HEREBY RECOMMENDED that formerly named defendants Baughman and Gonzales be dismissed from this action without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that

1 | failure to file objections within the specified time may waive the right to appeal the District
2 | Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3 |     SO ORDERED.
4 | DATED: October 24, 2018

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | |
| FOR THE EASTERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| LEON HARDIN, | No. 2:17-cv-1340 AC P |
| Plaintiff, | |
| v. | <u>NOTICE OF SUBMISSION</u> |
| D. BAUGHMAN, et al., | |
| Defendants. | |

    Plaintiff submits the following documents in compliance with the court's order filed _____:

    \_\_\_\_    one completed summons form

    \_\_\_\_    two completed USM-285 forms

    \_\_\_\_    three copies of the endorsed SAC

_____    _____
Date                                                                           Plaintiff