UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON HARDIN,<br><br>    Plaintiff,<br><br>    v.<br><br>D. BAUGHMAN, et al.,<br><br>    Defendants. | No. 2:17-cv-1340 MCE AC P<br><br>FINDINGS AND RECOMMENDATIONS |

    Plaintiff, a state prisoner proceeding pro se, has filed a request to withdraw from the settlement agreement and re-open this action. ECF No. 34.

    On April 4, 2019, the parties participated in a settlement conference before Magistrate Judge Carolyn K. Delaney and the case settled. ECF No. 30. The same day, a stipulation for voluntary dismissal with prejudice was filed in this case, ECF No. 31, and signed notices of voluntary dismissal with prejudice were submitted to the court for filing in <u>Hardin v. Pfeiffer</u>, 1:18-cv-1097 LJO JDP, and <u>Hardin v. Rodriguez</u>, 1:18-cv-1419 JLT, ECF No. 30. In accordance with the stipulation for dismissal, this case was closed on April 5, 2019. ECF No. 32. Now, over two years later, plaintiff seeks to withdraw from the settlement agreement on multiple grounds and requests that his case be re-opened. ECF Nos. 34, 35.[1]

---

[1] Plaintiff has filed two nearly identical copies of his motion.

1

Plaintiff gives no explanation for his lengthy delay in seeking to withdraw from the settlement agreement, although it appears that he may be attempting to claim that he has only recently had an opportunity to review the written settlement agreement. ECF No. 34 at 1. To the extent plaintiff is in fact attempting to make such a claim, it is belied by the attached copy of the agreement that was signed and dated by plaintiff on April 4, 2019. Id. at 3-6.

"The construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally." Jeff D. v. Andrus, 899 F.2d 753, 759 (9th. Cir. 1989) (citation omitted). With respect to plaintiff's reasons for wanting to withdraw from the settlement agreement, he first claims that he has not and will not comply with the condition that he sign and file notices of voluntary dismissal in Hardin v. Pfeiffer and Hardin v. Rodriguez. However, the record in this case shows that plaintiff submitted his signed notices at the settlement conference, ECF No. 30, and the dockets in Hardin v. Pfeiffer and Hardin v. Rodriguez show that they were filed the same day.

Plaintiff next makes allegations regarding the manner in which the settlement conference was conducted. He claims that he spoke with the settlement judge only, was not allowed to negotiate directly with defendants, and was kept "separated and isolated in another room." ECF No. 34 at 1-2. He also makes a conclusory allegation that the settlement judge was "working for the Defendant and against the Plaintiff." Id. at 2. Plaintiff's allegations regarding how the settlement conference was conducted appear to describe a typical settlement conference. The parties in a settlement conference routinely meet separately with the settlement judge, who acts as an intermediary and moves between the rooms to present offers made by the parties. Settlement conference judges also typically discuss with the parties the weaknesses of their case and obstacles they may face if they do not settle the case.

Plaintiff also argues that he "should have had a[n] Assistant General Counsel by CDCR" and that he required appointment of a guardian ad litem under Federal Rule of Civil Procedure 17(c). Id. at 1-2. It appears that plaintiff is under the mistaken belief that the Assistant General Counsel for the CDCR who signed the settlement agreement was meant to represent him, and he was therefore deprived of such representation because counsel did not appear to advise plaintiff

and did not sign the agreement until seven days after all the other signatories. Id. The settlement agreement clearly states that the CDCR was entering into the settlement agreement on behalf of the individual defendants, id. at 3, making it equally clear that the Assistant General Counsel for the CDCR was signing the agreement on behalf of the defendants and was not representing plaintiff. Furthermore, the brief delay in signing does not invalidate the settlement agreement.

With respect to the claim that plaintiff required a guardian ad litem, the general claim that plaintiff was receiving mental health treatment is insufficient to establish that he required the appointment of a guardian ad litem, or was otherwise unable to represent his own interests, at the time he participated in the settlement conference. See Allen v. Calderon, 408 F.3d 1150, 1153 (9th Cir. 2005) (a pro se party "is entitled to a competency determination when *substantial evidence* of incompetence is presented" (emphasis added)).

Finally, plaintiff claims that the payee data record does not have his social security number, but there is no allegation that he failed to receive the payment agreed to in the settlement agreement. ECF No. 34 at 2.

None of the reasons that plaintiff has given for wanting to withdraw from the settlement conference are grounds for rescission under California law. See Cal. Civil Code § 1686 (setting forth grounds for rescission). Plaintiff has therefore failed to set forth any legal basis for withdrawal from the settlement agreement.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's request to withdraw from the settlement agreement and re-open the case, ECF No. 34, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The

////

////

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 27, 2021

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE